PLOTKIN, Judge.
Defendants/employers, Criminal Sheriff of Orleans Parish and the City of New Orleans, appeal a trial court judgment awarding worker’s compensation benefits to plaintiffiem-ployee Mable Martin. We affirm and amend the judgment to award $500 in attorneys’ fees for work done on appeal.

Facts

Ms. Martin suffered injury when she tripped over a concrete block in her work area on June 25, 1991, during the course and scope of her work as a baker for the Orleans Parish Sheriffs Office. She sought treatment for her injuries from a number of medical professionals, then filed a claim seeking worker’s compensation, which had been denied by the defendants. After a hearing on the matter, the hearing officer awarded benefits to the plaintiff and ordered the defendants to pay medical expenses. Additionally, the hearing officer found that the defendants had arbitrarily and capriciously denied the plaintiff benefits, making the defendants responsible for the plaintiffs attorney’s fees. The defendants appealed. The plaintiff answered the appeal, seeking additional attorney’s fees for work performed on appeal.
The defendants list four alleged errors: (1) the hearing officer improperly awarded compensation benefits to the plaintiff because they (the defendants) proved by clear and convincing evidence that the plaintiffs treating physician released her to return to work in August of 1991 and totally discharged her on November 19, 1991; (2) the hearing officer improperly awarded $1,980 in medical expenses charged by Dr. Charles Simmons; (3) the hearing officer improperly awarded $5,000 in attorney fees; and (4) the hearing officer improperly found the defendants’ actions to be arbitrary and capricious and without probable cause.

Award of compensation benefits

The defendants’ major argument on this issue centers around their contention that the testimony of Dr. Henry Hoerner, who released the plaintiff to return to work in August of 1991, should have been accepted by the hearing officer because Dr. Hoerner was the plaintiffs physician of choice. The record shows that Dr. Hoerner had treated the plaintiff for a number of years prior to the accident for various orthopedic problems and that after the accident, Dr. Hoerner continued to treat the plaintiff. The defendants claim that the trial court erred both by failing to accept Dr. Hoerner’s opinion that the plaintiff was able to return to work in August of 1991 since Dr. Hoerner was the plaintiffs physician of choice and by relying instead on the contradictory testimony of other doctors, who indicated not only that the plaintiff continued to be disabled after August of 1991, but that she was in fact temporarily permanently disabled at the time of trial.
The plaintiff claims that she was advised by the personnel at Methodist Hospital, where she was treated in the emergency room immediately after her fall, to contact a Dr. Craceo within three days of the accident. *1236 She claims that she attempted to contact Dr. Craeco, but that he was on vacation and unavailable. The plaintiff indicated at the hearing that she decided to consult Dr. Hoer-ner only after seeking treatment from at least two other doctors. Additionally, she claims that she became dissatisfied with his treatment when Dr. Hoerner refused to x-ray her right side, which was causing her pain. Thus, she sought treatment elsewhere, despite the defendants’ refusal to approve her request to change her physician of choice. In fact, the plaintiff contends, the doctor she consulted for the x-rays, Dr. Tam-pira, informed her on the exact same day that Dr. Hoerner released her to return to work that she had two fractured ribs as a result of the accident.
LSA-R.S. 23:1121(B), relative to an employee’s right to select physicians, provides as follows:
The employee shall have the right to select one treating physician in any field or specialty. After his initial choice the employee shall obtain prior consent from the employer or his worker’s compensation carrier for a change of treating physicians within the same field or specialty. The employee, however, is not required to obtain approval for a change to a treating physician in another field or specialty.
Under the relevant jurisprudence, an employer is virtually required to consent to a change in treating physicians whenever “the employee presents a good reason for the requested change.” Pekinto v. Olsten Corp., 687 So.2d 68, 74 (La.App. 4th Cir.1991). In the Pekinto case, the employee was deemed to have presented a good reason for the requested change when the initial doctor recommended that the plaintiff return to work, discontinued physical therapy, and stated that he did not believe surgery would improve the plaintiffs condition, despite the fact the plaintiff was in constant pain. Id. Similarly, in the instant case, Ms. Martin had a good reason for seeking treatment from a physician other than Dr. Hoerner when he refused to take x-rays of a part of her body which was causing her pain; she had even greater “good reason” for her actions when Dr. Hoerner released her to return to work despite her pain.
The defendants in the instant case would have us create a rule disallowing any worker’s compensation payments once the doctor who initially treated the plaintiff decides that the plaintiff can return to work, even if the record contains a vast amount of evidence to the contrary. They provide no authority for the proposition, but urge this court to reverse the hearing officer’s decision simply on the grounds that the doctor who they contend is the plaintiffs “physician of choice” released her to return to work.
However, the adoption of such a rule would be in conflict with the existing jurisprudence on this subject. The Louisiana Supreme Court stated as follows in Johnson v. Insurance Co., 454 So.2d 1113 (La.1984):
An employee who can only work in substantial pain may be totally disabled. Plaintiffs uncontradicted evidence of pain can support a finding of substantial and appreciable pain. The opinion of a physician or other medical expert about disability does not necessarily determine legal disability.
In evaluating evidence, the trier of fact should accept as true the uncontradicted testimony of a plaintiff witness, absent a sound reason for its rejection. Lay testimony can be considered despite the absence of a conflict in medical testimony.
Id. at 1117. (Emphasis added; citations omitted.)
The hearing officer’s reasons for judgment in the instant case discuss the fact that Ms. Martin presented uncontradicted testimony concerning her pain and disability; the hearing officer also addresses Ms. Martin’s veracity, finding that she was completely believable. Further, the reasons for judgment detail testimony and reports from a number of medical professionals, all of whom verified the plaintiffs contention that she was disabled from returning to work at least up until the time of trial, both because of new injuries and because of aggravation of preexisting conditions, all caused by the work-related accident. Under the standards established by the Johnson case, the hearing officer properly considered all the evidence *1237 presented at the hearing and based his decision on the preponderance of that evidence. Since the hearing officer’s decision on this issue is supported by the record, it is affirmed.

Payment of medical expenses

In claiming that the hearing officer improperly ordered them to pay $1,980 in medical expenses to Dr. Charles Simmons, the defendants rely on LSA-R.S. 23:1142(B), which limits the expenses charged by an individual health care provider to $750 in the absence of prior consent from the worker’s compensation payor. However, the statute cited by the defendants contains an express exception “[i]n the event that the payor has denied that the employee’s injury is compen-sable under this Chapter, [when] no approval from the payor is required prior to the provision of any diagnostic tests or treatment for that injury.” LSA-R.S. 23:1142(D). The record is clear in this case that at the time that Ms. Martin sought treatment from Dr. Simmons, the defendants denied that her injury was compensable. Thus, the hearing officer’s decision on this issue is affirmed.

Arbitrary and capricious

The defendants’ ■ third and fourth arguments will be discussed together since determination of whether the hearing officer properly awarded attorney’s fees depends on whether the hearing officer properly found that the defendants acted arbitrarily and capriciously in denying the plaintiff worker’s compensation benefits. The following statutes are pertinent to this issue:
LSA-R.S. 23:1121(C):
If the employer or insurer has not consented to the employee’s request to change physicians when such consent is required by this Section, and it is determined by a court having jurisdiction that the withholding of such consent was arbitrary and capricious, or without probable cause, the employer or the insurer shall be liable to the employee for reasonable attorney’s fees related to this dispute and for any medical expense so incurred by him for an aggravation of the employee’s condition resulting from the withholding of such physician’s services.
LSA-R.S. 23:1201.2:
Any insurer liable for claims arising under this Chapter, and any employer whose liability for claims arising under this Chapter is not covered by insurance, shall pay the amount of any claim due under this Chapter within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject employer or insurer, in addition to the amount of the claim due, to payment of all reasonable attorney’s fees for the prosecution and collection of such claim, or in the event a partial payment or tender has been made, to payment of all reasonable attorney’s fees for the prosecution and collection of the difference between the amount paid or tendered for the prosecution and collection of the difference between the amount paid or tendered and the amount due. Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney’s fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney’s fees shall not apply to eases where the employer insurer is found liable for attorney’s fees under this Section. The provisions of R.S. 22:658(C) shall be applicable to claims arising under this Chapter.
In addition to the above provisions, the jurisprudence has established that an employer can be arbitrary and capricious if he fails to “make a reasonable effort to ascertain an employee's exact medical condition before benefits are terminated.” Johnson, 454 So.2d at 1117. Therefore, an employer may not avoid penalties for arbitrary nonpayment or discontinuation of compensation benefits by relying on an initial optimistic medical report, if the employer receives subsequent evidence to indicate that the employee has a continuing disability. Id.; See also Mills v. Guaranty Industrial Contractors, Inc., 557 So.2d 326 (La.App. 4th Cir.1990).
*1238 All of the above provisions justify the imposition of attorney’s fees in this case, First, the defendants arbitrarily and capriciously denied the plaintiffs request to change physicians since Ms. Martin had a good reason for requesting the change. Pek-into, 587 So.2d at 74. Then, the defendants improperly discontinued compensation benefits without making a reasonable effort to ascertain the plaintiffs true condition, but instead relying on an initial optimistic report, despite subsequent reports indicating a continuing disability. Thus, the hearing officer’s decision granting attorney’s fees is affirmed.

Conclusion

The hearing officer’s judgment is affirmed in all respects. Additionally, the judgment is amended to award the plaintiff $500 in attorney’s fees for the cost of the appeal. Finally, all costs for the appeal are to paid by the defendants.

AFFIRMED AND AMENDED.